UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE AFFINITY<br>INSURANCE COMPANY, | )<br>)<br>) | |
| Plaintiff, | )<br>)<br>)<br>) | |
| v. | ) | Case No. 4:15 CV 1757 RWS |
| REBEKAH RUTLEDGE and<br>JOSEPH P. LUDWINSKI, | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

# **MEMORANDUM AND ORDER**

Plaintiff Nationwide Affinity Insurance Company ("Nationwide") seeks a declaratory judgment that it has no duty to defend or indemnify Defendant Rebekah Rutledge ("Rutledge") in a state court personal injury lawsuit maintained by Defendant Joseph P. Ludwinski ("Ludwinski"). Nationwide submitted a motion for default judgment against Rutledge and a motion for summary judgment against both Defendants. Based upon a review of the record before the court, I will grant both motions in Nationwide's favor.

I. ***Background***

The facts in this matter are undisputed. Ludwinski, Rutledge, and Ethan Muffett ("Muffett") were students at Westminster College in Fulton, Missouri

("Westminster"). On September 20, 2013, Ludwinski, Rutledge, and Muffett attended a party at Sigma Chi-Delta Tau Fraternity on the Westminster campus. At the party, Muffett allegedly seriously assaulted and battered Ludwinski, causing extensive injuries. Ludwinski brought the underlying personal injury lawsuit in the Circuit Court of Callaway County, Missouri, <u>Joseph P. Ludwinski v. Ethan Muffett, et al.</u>, Case No. 15CW-CV00699 (the "underlying suit") against several parties, including Muffett and Rutledge. Ludwinski asserts that Rutledge caused the assault by falsely telling Muffett that Ludwinski had behaved inappropriately towards her and her friends. Ludwinski's Petition for Damages in the underlying suit specifically alleges that Rutledge "instigated, encouraged and caused the assault," was "negligent and/or willful, wanton and showed a reckless indifference to or conscious disregard" for Ludwinski's rights, "knew or should have known" that Muffett was likely to cause serious damage and injury, and directly and proximately caused Ludwinski's damages. Ludwinski's alleged damages include serious and permanent injuries, medical expenses and treatment, lost wages, and his withdrawal from Westminster.

Rutledge is insured under three Nationwide insurance policies issued to her parents, John and Susan Rutledge (collectively, the "Insurance Policies"). Nationwide has defended Rutledge in the underlying suit, subject to a reservation

of its rights to discontinue its defense.  Nationwide brought this action seeking a declaratory judgment that the Insurance Policies do not establish any duty to defend or indemnify Rutledge in the underlying suit.  Nationwide also moved for summary judgment as a matter of law.  Nationwide asserts that there is no reasonable likelihood of a covered judgment being taken against Rutledge under any of the Insurance Policies, given the initial allegations in the underlying suit and the plain and unambiguous language of the Insurance Policies.  Ludwinski submitted opposition to Nationwide, requesting that this court abstain from and decline to exercise jurisdiction and decline to enter judgment.  Ludwinski argues that the Insurance Policies obligate Nationwide to defend and indemnify Rutledge.  To date, Rutledge has not entered an appearance, submitted responsive pleadings, or otherwise provided any defense in this action.  The Clerk of Court entered an order of default against Rutledge in this action on May 27, 2016.

The state circuit court dismissed Rutledge from the underlying suit, without prejudice.  However, this matter remains ripe for judgment since Ludwinski reported that he still intends to pursue his claims against Rutledge by appeal or amended pleadings.  Ludwinski also continues to pursue related damages claims against other parties in the underlying suit.  Muffett pleaded guilty to felony charges in a state court criminal action related to the incident.

The Insurance Policies provide for coverage as follows:

1.  *Homeowner's Policy*. Homeowner's liability policy number HOA 0040504853 (the "Homeowner's Policy") insures a property located at 1499 Heritage Valley Dr., High Ridge, Missouri and provides general personal property and personal liability coverage. The Homeowner's Policy's effective policy period was from January 9, 2013 to January 9, 2014. The Homeowner's Policy includes the following terms and conditions:

**DEFINITIONS**

\* \* \*

2. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

\* \* \*

8. Under Section II "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

    a. "Bodily injury" or

    b. "Property damage".

[Doc. # 18-3 at 15-16].

**SECTION II - LIABILITY COVERAGES**

**A. COVERAGE E - Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent.

\* \* \*

**B. COVERAGE F - Medical Payments to Others**

We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury"….this coverage applies only:…

2. To a person off the "insured location", if the "bodily injury":..

b. Is caused by the activities of an "insured";…

Id. at 29.

**SECTION II - EXCLUSIONS**

\* \* \*

Coverages **E** and **F** do not apply to the following:

1. **Expected or Intended Injury**

    "Bodily Injury" or "property damage" which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage":

    a. Is of a different kind, quality or degree than initially expected or intended; or

    b. Is sustained by a different person, entity, real or personal property, than initially expected or intended.

* * *

7. **Sexual molestation, Corporal Punishment Or Physical Or Mental Abuse**

    "Bodily injury" or "property damage" arising out of any:

    a. Sexual activity or conduct,

    b. Corporal punishment, or

    c. Physical or mental abuse.

    This exclusion applies whether or not any acts were intentional or unintentional and whether or not the acts were in violation of any criminal or penal code or statute.

Id. at 31-32.

2. *Farrell Drive Policy*. Dwelling policy number DP 0040521090 (the "Farrell Drive Policy") insures properties located at 1934 Farrell Drive, St. Louis, Missouri, 7735 Bloom Drive, St. Louis, Missouri, 1913 N. Hanley Rd., St. Louis, Missouri, and 7917 Underhill Dr., St. Louis, Missouri. The Farrell Drive Policy's effective policy period was from February 28, 2013 to February 28, 2014. The Farrell Drive Policy includes dwelling and personal liability coverage for the "insured premises," i.e., the previously identified locations. The Farrell Drive Policy includes the following terms and conditions:

**DEFINITIONS**

∗ ∗ ∗

2. **Bodily Injury** - This means bodily harm, sickness or disease to a person which occurs during the policy period.

∗ ∗ ∗

6. **Insured Premises** - This means:

   a. the one to four family dwelling shown in the declarations, and the grounds at that location.

∗ ∗ ∗

8. **Occurrence** - This means an accident and includes loss from repeated exposure to similar conditions.

[Doc. # 18-4 at 14].

**PRINCIPAL COVERAGES**

**COVERAGE L - Bodily Injury or Property Damage**

**We pay**, up to **our limit**, all sums for which an **insured** is liable by law because of **bodily injury** or **property damage** caused by an **occurrence** arising out of an **insured premises** or its incidental operations. We will defend a suit seeking damages if the suit results from such **bodily injury** or **property damage**.

Id. at 15.

**EXCLUSIONS**

1. **We** do not pay for **bodily injury** or **property damage** which is expected by, directed by, intended by or arises out of an act of force by an **insured**.

Id. at 16.

3. *Maldon Lane Policy*. Dwelling policy number DP 0044148312 (the "Maldon Lane Policy") insures a property located at 1687 Maldon Lane, St. Louis, Missouri. The Maldon Lane Policy's effective policy period was from September 26, 2013 to September 26, 2014. The Maldon Lane Policy provides, "[t]his policy applies only to loss which occurs during the policy period." [Doc. # 18-5 at 17].

II. *Legal Standard*

    a. *Summary Judgment*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

    b. Default Judgment

When the Clerk of Court has entered default against a defendant, the

"allegations of the complaint except as to the amount of damages are taken as true." Mueller v. Jones, No. 2:08CV16 JCH, 2009 WL 500837, at *1 n.2 (E.D. Mo. Feb. 27, 2009) (quoting Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973)). Accordingly, in deciding Nationwide's present motion for default judgment against Rutledge, the Court accepts as true the factual allegations contained in Nationwide's Complaint for Declaratory Judgment.

III. *Discussion*

Nationwide has no duty to indemnify or defend Rutledge in the underlying suit. First, Nationwide is entitled to a default judgment on its Complaint against Rutledge due to Rutledge's failure to enter an appearance, submit any pleadings, or otherwise provide any defense in this action. The Clerk of Court entered an order of default against Rutledge in this action on May 27, 2016. I will grant Nationwide's Motion for Default Judgment against Rutledge.

Second, Nationwide is entitled to summary judgment on its Complaint against both Rutledge and Ludwinski based upon the terms of the Insurance Policies. "Interpretation of an insurance policy is a matter of state law," and for this determination "we are bound in our construction of Missouri law by the decisions of the Missouri courts." Am. Family Mut. Ins. Co. v. Co Fat Le, 439 F.3d 436, 439 (8th Cir. 2006). "Under Missouri law, the insured has the burden of

10

proving coverage, and the insurer has the burden of proving that an insurance policy exclusion applies." Id. (citing Christian v. Progressive Cas. Ins., Co., 57 S.W.3d 400, 403 (Mo.Ct.App. 2001)). Insurance policies are contracts to which the general rules of contract construction apply. Todd v. Missouri United Sch. Ins. Council, 223 S.W.3d 156, 160 (Mo. 2007). "The key is whether the contract language is ambiguous or unambiguous." Id. "Where insurance policies are unambiguous, they will be enforced as written absent a statute or public policy requiring coverage." Peters v. Emp'rs. Mut. Cas. Co., 853 S.W.2d 300, 302 (Mo. 1993). Ambiguous language will be construed against the insurer. Id. In interpreting insurance policies, Missouri courts attempt to ascertain and give effect to the parties' intention, which is presumptively expressed by the plain and ordinary meaning of the contract provisions and read in context of the policy as a whole. Gohagan v. Cincinnati Ins. Co., 809 F.3d 1012, 1015 (8th Cir. 2016). "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." United Fire & Cas. Co. v. Titan Contractors Serv., Inc., 751 F.3d 880, 883-84 (8th Cir. 2014) (quoting Jones v. Mid–Century Ins. Co., 287 S.W.3d 687, 690 (Mo. 2009)). "Missouri courts apply the meaning that would be given to the policy by an 'ordinary person of average understanding if

purchasing insurance.'" W. Heritage Ins. Co. v. Asphalt Wizards, 795 F.3d 832, 838 (8th Cir. 2015) (quoting Burns v. Smith, 303 S.W.3d 505, 509 (Mo. banc 2010) (citation omitted)).

An insurer has "two distinct duties: the duty to indemnify the insured for covered losses, and the duty to defend the insured in any lawsuit seeking damages that would be covered losses." Trainwreck W. Inc. v. Burlington Ins. Co., 235 S.W.3d 33, 44 (Mo.Ct.App. 2007). The duty to defend is broader than the duty to indemnify, so if the insurer has no duty to defend, it has no duty to indemnify. Id. To determine whether coverage applies, Missouri courts "compare the allegations of the underlying complaint to the language of the insurance policy." Allstate Ins. Co. v. Blount, 491 F.3d 903, 910 (8th Cir. 2007) (citations omitted). If the underlying complaint "upon its face alleges a state of facts which fail to bring the case within the coverage of the policy," the insurer does not have a duty to defend or indemnify the insured party. Trainwreck, 235 S.W.3d at 42 (citation omitted).

Here, I must determine whether the Insurance Policies obligate Nationwide to defend and indemnify Rutledge in the underlying suit. Although Rutledge has been dismissed from the underlying suit, I will look to the original complaint in the underlying suit (the "underlying complaint") to determine the scope of Ludwinski's potential claims against Rutledge. The underlying complaint alleges,

in part, that Rutledge's statements to Muffett directly caused Ludwinski's damages, and that Rutledge's conduct was "negligent and/or willful, wanton and showed a reckless indifference to or conscious disregard" for Ludwinski's rights. Ludwinski asserts that the allegations in the underlying complaint are sufficient to survive summary judgment and establish rights to coverage under the Insurance Policies. Nationwide argues that the Insurance Policies do not require coverage under the circumstances. Because the Insurance Policies have unique terms and conditions, I will address each of the Insurance Policies separately.

    a. *Homeowner's Policy*

The Homeowner's Policy does not obligate Nationwide to defend or indemnify Rutledge. Nationwide argues that the Homeowner's Policy does not require coverage for two primary reasons: (i) the incident does not qualify as an occurrence, since Muffett's intentional assault and battery caused Ludwinski's injuries, and (ii) Ludwinski's injuries arose out of physical abuse, which is excluded from coverage. Ludwinski asserts that the Homeowner's Policy requires coverage based upon the allegations that Rutledge acted negligently and proximately caused Ludwinski's injuries.

The Homeowner's Policy provides for coverage if a claim is brought against an insured for damages because of bodily injury caused by an occurrence. The

13

Homeowner's Policy defines an "occurrence" to encompass an "accident" which results in "bodily injury." "[A]n 'accident' is an event that takes place without one's foresight or expectation." Am. States Ins. Co. V. Mathis, 974 S.W.2d 647, 650 (Mo.Ct.App. 1998). "Under Missouri law, a liability policy defining 'occurrence' as an accident necessarily encompasses a negligence claim." Blount, 491 F.3d at 910 (citing Wood v. Safeco Ins. Co., 980 S.W.2d 43, 49 (Mo.Ct.App.1998)). The underlying complaint presents allegations that Rutledge acted negligently, which would suggest potential availability of coverage. However, all of Ludwinski's alleged damages in the underlying suit are attributable to Muffett's intervening assault and battery, which falls under a policy exclusion. The Homeowner's Policy excludes from coverage any bodily injury "arising out of…physical abuse," regardless of intention. "Although the injuries may have been caused by the negligent acts of the defendant, that does not necessarily mean that they did not arise out of an assault and/or battery." Capitol Indem. Corp. v. Callis, 963 S.W.2d 247, 250 (Mo.Ct.App. 1997). Here, Muffett's assault and battery intervened to cause all of Ludwinski's injuries. Without Muffett's criminal conduct, Ludwinski would not have any actionable negligence allegations against Rutledge. "[T]he negligence allegations in the petition of the underlying suit are premised on the alleged assault and battery. Therefore, if the

14

exclusion applies to negligence actions arising out of an assault and battery, then [Nationwide] has no duty to defend." Id. at 251. The Homeowner's Policy excludes the underlying suit from coverage.

Ludwinski also argues that the concurrent proximate cause doctrine requires coverage. "Missouri law provides that when an insured risk and an excluded risk constitute concurrent proximate causes of an injury, a liability insurer is liable so long as one of the causes is covered by the policy." Co Fat Le, 439 F.3d at 439. "In determining whether this concurrent proximate cause doctrine applies, we must ascertain whether the alleged covered cause is an act independent and distinct from the excluded cause of the injury." Id. (citing Hunt v. Capitol Indem. Corp., 26 S.W.3d 341, 345 (Mo.Ct.App. 2000)). For the concurrent proximate cause doctrine to apply, Rutledge's conduct would need to be an independent and distinct cause of Ludwinski's injuries. However, Ludwinski's claims against Rutledge necessarily rely upon Ludwinski's claims against Muffett – without the excluded assault and battery, Ludwinski would not have been injured and there would be no basis for Ludwinski's action against Rutledge. Therefore, the concurrent proximate cause doctrine does not require coverage under the circumstances.

b. *Farrell Drive Policy*

Nationwide has no duty to defend or indemnify Rutledge under the Farrell

15

Drive Policy, because the assault incident did not occur at an insured location. The Farrell Drive Policy is a dwelling policy which limits coverage to instances of bodily injury "caused by an occurrence arising out of an insured premises or its incidental operations." The Westminster fraternity house where the incident at issue occurred is not one of the four specifically identified "insured premises" under the terms of the Farrell Drive Policy. As such, the Farrell Drive Policy does not require Nationwide to defend or indemnify Rutledge for Ludwinski's injuries.

  c. *Maldon Lane Policy*

Nationwide has no duty to defend or indemnify Rutledge under the Maldon Lane Policy, because this policy was not in effect when the alleged injury occurred. The assault incident, including Rutledge's alleged actions, occurred on September 20, 2013. The Maldon Lane Policy's effective policy period was from September 26, 2013 to September 26, 2014. The Maldon Lane Policy expressly provides that it "applies only to loss which occurs during the policy period." Because the Rutledges obtained the Maldon Lane Policy after the date of the incident at issue, the Maldon Lane Policy is inapplicable to the underlying lawsuit.

None of the Insurance Policies establishes a duty to defend or indemnify Rutledge under the circumstances. For the foregoing reasons, and based upon the record before the Court, I conclude that Plaintiff's Motions for Default Judgment

and Summary Judgment shall be granted.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's Motion for Default Judgment [10] and Plaintiff's Motion for Summary Judgment [17] are **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of January, 2017.